Attorney-General agt. North American Insurance Co.

---

## SUPREME COURT.

In the Matter of the Application of the ATTORNEY-GENERAL agt. THE NORTH AMERICAN INSURANCE COMPANY.

*Insolvent insurance company — Receiver's right to immediately receive the funds upon the conversion of the company's securities into money — Mandamus.*

The general rule of law is that where a statute requires something to be done, and there is no specification of the time of performance, the duty required becomes a present one to be immediately performed.

Accordingly, *held*, that a receiver of an insolvent insurance company, appointed pursuant to chapter 902 of the Laws of 1869, when the securities of such company are converted into money, is entitled to the immediate possession of the same; and the superintendent of insurance cannot retain the moneys until the receiver is ready to distribute, but must pay them over to the receiver at once.

*Albany Special Term, June, 1879.*

APPLICATION for a *mandamus* against the superintendent of insurance.

*R. W. Peckham,* for motion.

*A. Schoonmaker, Jr.,* attorney-general, opposed.

WESTBROOK, *J.* — Henry R. Pierson, pursuant to chapter 902 of the Laws of 1869, was duly appointed receiver of the North American Life Insurance Company, and qualified as such in accordance with the order of appointment.

An actuary was also duly appointed as required by section 8 of said act, who, by a written report which has been confirmed by the court, declared that the securities, assets, credits and premiums of the said company were not sufficient, under the laws of this state, to pay all the policies, annuities and other obligations of said company as they would mature by the terms thereof, and the legal costs and expenses of the receivership.

In further pursuance of section 8 of this act, and under the joint direction of the superintendent of insurance, the state treasurer and the receiver, the securities of said company have been converted into money, which moneys, by the resolution of the board composed of said officers, were to be paid to the receiver when collected. A considerable part thereof has been heretofore paid to the receiver, but a large amount of money recently paid to the superintendent under the proceedings had in this matter he refuses to pay over to such receiver who asks the order of this court directing their payment to him.

There is no claim made that the moneys are retained for any improper purpose, but the attorney-general, on behalf of the superintendent, insists that the latter should retain the moneys until the receiver is ready to distribute. The point submitted is, who is now entitled to hold the moneys?

The answer to the question is contained in the act and

section already referred to (*Chap.* 902 *of the Laws of* 1869, *sec.* 8). It is there provided that when the securities of the company are converted into money, such money "shall be paid to the said receiver on his giving his receipt to said superintendent," and the receiver is directed to pay out the same in the order and manner also therein clearly pointed out.

No reading of the statute allows the superintendent to delay the payment of the money to the receiver until the latter needs them for distribution, but its plain import is that the receiver is entitled to them immediately, for there is no authority given to the superintendent to hold them for an hour, but, on the contrary, he is directed to pay. The general rule of law is, that when a statute requires something to be done, and there is no specification of the time of performance, that the duty required becomes a present one to be immediately performed.

*In the Matter of the Atlantic Mutual Life Insurance* I have expressed the opinion that the provisions of this section of the act of 1869 are mandatory, in which the court of appeals has concurred. This motion is controlled by the same rule.

It follows that the application of the receiver for a peremptory *mandamus* must be granted.